# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: May 12, 2023

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| ROBERT JOSEPH GARDNER, | * | Published |
| | * | |
| Petitioners, | * | No. 17-1851V |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | Interim Attorneys' Fees and Costs; |
| AND HUMAN SERVICES, | * | Reduction in Billable Hours. |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * | | |

*David Charles Richards,* Christensen & Jensen, P.C., Salt Lake City, UT, for petitioner.
*Kimberly Shubert Davey,* U.S. Dept. of Justice, Washington, D.C., for respondent.

## DECISION ON INTERIM ATTORNEYS' FEES AND COSTS

On April 11, 2023, Robert Joseph Gardner ("petitioner"), filed a motion for interim attorneys' fees and costs. Petitioner's Interim Fees Application ("Int. Fee App.") (ECF No. 77). Petitioner also filed a supplemental motion for attorneys' fees and costs on May 8, 2023. Petitioner's Supplemental Interim Fees Application ("Supp. Fee App.") (ECF No. 105). For the reasons discussed below, the undersigned **GRANTS** petitioner's motion and supplemental motion and finds that an award of **$334,845.63** is reasonable for interim attorneys' fees and costs.

**II. Procedural history**

Petitioner timely filed his claim on November 29, 2017.[1] Petition (ECF No. 1). The case was assigned to my docket on November 30, 2017. *See* Notice of Assignment (ECF No. 4). After petitioner filed medical records, respondent filed a status report on August 16, 2018, indicating that the medical records were sufficiently complete for an analysis of his claim and requested a deadline to file a Rule 4(c) report. (ECF No. 14).

Respondent filed a Rule 4(c) report on October 4, 2018. Respondent's Report ("Resp. Rep.") (ECF No. 16). In which respondent noted that following the DICP review of the case, that the case was not appropriate for compensation under the terms of the Act. *Id.* at 1. An initial status conference was held on October 24, 2018, in which I ordered petitioner to file additional medical

---

[1] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2018) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

records and an expert report. (ECF No. 17). Petitioner filed additional medical records on January 11, 2019. Petitioner's Exhibit ("Pet. Ex.") 11-18 (ECF No. 20). On May 30, 2019, petitioner filed initial expert reports from Dr. Marcel Kinsbourne, M.D., a pediatric neurologist, and Dr. Vera Byers, M.D., Ph.D., an immunologist. Pet. Ex. 25 (ECF No. 27); Pet. Ex. 48 (ECF No. 28). On September 20, 2019, respondent filed responsive expert reports from Dr. Thomas G. Forsthuber, M.D., and Dr. Subramaniam Sriram, M.D. Resp. Ex. A (ECF No. 34); Resp. Ex. B (ECF No. 35).

A Rule 5 status conference was held on October 23, 2019, and I suggested that petitioner submit supplemental expert reports to better address the nature of multiple sclerosis in the very rare tumefactive form at issue in this case the possible immune mechanisms, and the rapid timing of the aggravation seen in this case. *See* Scheduling Order, October 28, 2019 (ECF No. 38). On July 30, 2020, petitioner filed an initial expert report from Dr. Lawrence Steinman. Pet. Ex. 66 (ECF No. 50). On September 21, 2020, respondent filed a supplemental expert report from Dr. Forsthuber. Resp. Ex. E (ECF No. 51).

I held a status conference on November 23, 2020, and ordered the parties to find a mutually agreeable time for an entitlement hearing in 2021, and for petitioner to file updated medical records and supplemental reports from Dr. Steinman and Dr. Forsthuber. (ECF No. 54). An Entitlement Hearing was set for October 27-29, 2021. *See* Hearing Order (ECF No. 55).

On February 16, 2021, Dr. Steinman filed a supplemental expert report. Pet. Ex. 85 (ECF No. 60). Respondent filed a supplemental report from Dr. Forsthuber on March 31, 2021. Resp. Ex. F (ECF No. 61). In preparation for the entitlement hearing, petitioner filed prehearing submissions on September 1, 2021, and October 13, 2021, and respondent filed his prehearing submissions on September 27, 2021, and October 15. (ECF Nos. 66, 69, 76, 80).

An entitlement hearing was held in Washington, DC on October 27-29, 2021. Following the entitlement hearing, petitioner filed a post hearing brief on February 28, 2022, and respondent filed his post hearing brief on April 29, 2022. Pet. Post Hearing Brief (ECF No. 94); Resp. Post Hearing Brief (ECF No. 95). Petitioner filed a post hearing reply brief on June 9, 2022. Pet. Post Hearing Reply (ECF No. 100). Respondent filed a sur-reply on June 24, 2022. Resp. Sur-Reply (ECF No. 101).

On April 11, 2023, petitioner filed a motion for interim attorneys' fees and costs. Int. Fee App. Petitioner is requesting $300,318.30 in attorneys' fees and $47,953.99 in attorneys' costs, for a total of $348,272.29. *Id*. at 1. Respondent filed a response on April 18, 2023, stating that "should the Special Master be satisfied that the reasonable basis and interim fee award standards are met in this case, respondent respectfully recommends that the Special Master exercise his discretion and determine a reasonable award for attorney's fees and costs." Resp. Response at 4. Further, the respondent "defers to the Special Master as to whether petitioner has made a special showing to justify an award of interim attorneys' fees and costs under the particular circumstances of this case." *Id*. Petitioner additionally filed a supplemental motion for attorneys' fees and costs on May 8, 2023, which included the invoice for Dr. Steinman's work as an expert totaling $46,637.00. Supp. Fee App. Tab A. Therefore, the total amount of attorneys' costs requested in this case is $94,590.99, and the total amount of attorneys' fees and costs requested in this case is $394,909.29. *Id*.

This matter is now ripe for adjudication.

## II. Entitlement to attorneys' fees and costs

### A. Legal standard

The Vaccine Act provides that reasonable attorney's fees and costs "shall be awarded" for a petition that results in compensation. §15(e)(1)(A)-(B). Even when compensation is not awarded, reasonable attorneys' fees and costs "may" be awarded "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for which the claim was brought." § 15(e)(1). The Federal Circuit has reasoned that in formulating this standard, Congress intended "to ensure that vaccine injury claimants have readily available a competent bar to prosecute their claims." *Cloer v. Sec'y of Health & Human Servs.*, 675 F.3d 1358, 1362 (Fed. Cir. 2012).

Petitioners act in "good faith" if they filed their claims with an honest belief that a vaccine injury occurred. *Turner v. Sec'y of Health & Human Servs.,* No. 99-544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007). In this case, respondent does not contest that this petition was filed in good faith. Further, petitioner has a reasonable belief that the influenza vaccine was the cause of the aggravation of Mr. Gardner's neurological condition. Thus, he has satisfied the good faith requirement.

To receive an award of fees and costs, a petitioner must also demonstrate the claim was brought with a reasonable basis through objective evidence supporting "the *claim* for which the petition was brought." *Simmons v. Sec'y of Health & Human Servs.,* 875 F.3d 632 (Fed. Cir. 2017); *see also Chuisano v. Sec'y of Health & Human Servs.,* 116 Fed. Cl. 276, 286 (2014) (citing *McKellar v. Sec'y of Health & Human Servs.,* 101 Fed Cl. 297, 303 (2011)). Petitioner filed extensive medical records to document his vaccination and his ensuing autoimmune illness in support of his petition. In addition, he filed reports from several experts to support his claim for vaccine causation. Though respondent disputes the petitioner's theory of causation on the merits of the claim, the expert reports and testimony at the hearing easily establish a reasonable basis for the claim. As such, I find that there is reasonable basis to award petitioner interim attorneys' fees and costs.

### B. Interim awards

The Vaccine Act permits interim attorneys' fees and costs. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008); *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372 (Fed. Cir. 2010). In *Shaw,* the Federal Circuit held that it was proper to grant an interim award when "the claimant establishes that the cost of litigation has imposed an undue hardship." 609 F.3d at 1375. In *Avera,* the Federal Circuit stated that "[i]nterim fees are particularly appropriate in cases where proceedings are protracted, and costly experts must be retained." 515 F.3d at 1352. I do not routinely grant interim fee applications. I generally defer ruling on an interim fee application if: the case has been pending for less than 1.5 years (measured from the date of filing); the amount of fees requested is less than $30,000; and/ or the aggregate amount of expert costs is less than $15,000.00. If any one of these conditions exists, I

generally defer ruling until these thresholds are met or until an entitlement hearing has occurred. These are, however, only informal requirements, and there are ultimately many factors bearing on the merit of an interim fee application. I evaluate each one on its own merits.

This case has been pending since 2017 and the amount of attorneys' fees and attorneys' costs requested by petitioner exceeds the amounts discussed above. As such, I find that an award of interim attorneys' fees and costs is appropriate at this time.

### III. Reasonable attorneys' fees and costs

#### A. Legal standard

As stated above, the Vaccine Act only authorizes "reasonable" attorneys' fees and costs. The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera*, 515 F.3d at 1349. Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347-58 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. *Id.* at 1348. Although not explicitly stated in the statute, the requirement that only reasonable amounts be awarded applies to costs as well as to fees. *See Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994).

Special masters have "wide discretion in determining the reasonableness of both attorneys' fees and costs." *Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). They may look to their experience and judgment to reduce the number of hours billed to a level they find reasonable for the work performed. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993). A line-by-line evaluation of the billing records is not required. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 483 (1991), *aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993 (per curiam).

The petitioner "bea[rs] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson*, 24 Cl. Ct. at 484. Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484, n. 1. Counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

#### B. Hourly rate

The interim fee decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon an individual's experience. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates. The Attorneys Forum Hourly Rate Fee Schedules for 2018-2023 can be accessed online.

In this case, petitioner requests various rates of compensation for attorneys Mr. David Richards and Mr. Jeffrey Enquist, along with paralegal Ms. Kirsten Jensen-Buetler. Pet. Int. Fee App. Tab A. Petitioner requests the following rates:

|  | 2015 | 2016 | 2017 | 2018 | 2019 | 2020 | 2021 | 2022 | 2023 |
|---|---|---|---|---|---|---|---|---|---|
| **Mr. David Richards** | $300 | $305 | $312 | $321 | $332 | $343 | $352 | $362 | $375 |
| **Mr. Jeffrey Enquist** | N/A | N/A | N/A | N/A | $265 | $278 | $292 | $305 | N/A |
| **Ms. Kirsten Jensen-Buetler** | N/A | N/A | $103 | $107 | $110 | $110 | $113 | $116 | $119 |

While Ms. Jensen-Buetler has detailed hours for 2015-2017, the summary of services only contains rates and hours for 2017-2022. *Id*. at 66. The above rates for Mr. Richards, Mr. Enquist, and Ms. Jensen-Buetler have been previously deemed appropriate in prior cases and shall be awarded in this matter as well. *See Montano v. Sec'y of Health & Hum. Servs.,* No. 17-1526V, 2023 WL 2751596, at *2 (Fed. Cl. Apr. 3, 2023). Accordingly, no adjustment to the requested hourly rates is necessary.

### C.  Hours expended – Excessive and Duplicative Billing

Special Masters have reduced fees for work attributable to excessive and/or duplicative billing. *See, e.g., Ericzon v.Sec'y of Health & Human Servs.,* No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016) (reduced overall fee award by ten percent due to excessive and duplicative billing); *Raymo v. Sec'y of Health & Human Servs.,* No. 11-65V, 2016 WL 7212323 (Fed. Cl. Spec. Mstr. Nov. 2, 2016) (reduced overall fee award by 20 percent), mot. for rev. denied, 129 Fed. Cl. 691 (2016).

Here, Mr. Richards, Mr. Enquist, and Ms. Jensen-Buetler billed a total of 1,131.70 hours, Mr. Richards billed 506.1 hours, Mr. Enquist billed 313.7 hours, and Ms. Jensen-Buetler billed 311.9 hours. Pet. Int. Fee App. At 66. In 2021, the year of the entitlement hearing, Mr. Richards billed 278.90 hours, just over 55 percent of his overall billing of 506.1 hours. *Id*. Mr. Enquist billed 257.20 hours in 2021, over 81 percent of his overall billing of 313.7. *Id*.

The billing submitted in this case is quite large which given the reasonable hourly rates charged suggests an excessive number of hours spent on the case. While I applaud the hard work of counsel to present this case, it appears to me that a significant amount of time was spent in the learning curve phase for counsel.  Doing a complicated vaccine causation case for a rare autoimmune disease can present a daunting challenge for even experienced non-vaccine lawyers. Learning about the disease, in this case a rare form of multiple sclerosis, the mechanics of vaccine causation, identifying well qualified experts and preparing to defend against an aggressive defense by respondents was likely quite challenging and that is reflected in the billing. Counsel required some guidance from me during status conferences in order to understand the complexity of the evidence required and to recognize the need for more fulsome development of the causation evidence. Much of this work would have been required for the most experienced vaccine counsel but not all of it.

Additional evidence of this is suggested by the fact that the initial client consultation

occurred on June 4, 2015, while the petition was not filed until November 29, 2017, almost 30 months later. Pet. Int. Fees App. Tab A at 1; Petition. There were also several false starts in terms of identifying and retaining appropriate expert witnesses in the case.

In reviewing billing records reductions are often made for repetitive billing for items such as for opening electronic notifications from the court, and duplicative billing. While I appreciate that two attorneys and a paralegal did substantial work on this case, some modification of billing for duplicating the tasks of the other should be done. *See Kunz v. Sec'y of Health & Hum. Servs.,* No. 18-0681V, 2021 WL 6285616, at *3 (Fed. Cl. Nov. 30, 2021) (in which duplicate billing was grounds for reducing the fee awarded). Some examples of this type of billing in this case include.

- The words "electronic notification" appeared 29 times in the billing history ranging from 0.1 to 1.5 hours. In most instances, an electronic notification from the docket should take 1-2 minutes to open and read.

- Mr. Enquist billed 2.9 hours following the entitlement hearing to draft correspondence to the American Academy of Neurology and correspondence with other members of the Vaccine Court Bar in order to preclude testimony from Dr. Sriram who had been admitted as an expert in this case and has been in multiple other cases particularly those involving multiple sclerosis. The motion filed was completely lacking in merit and that time will not be compensated.

- Duplicative Billing – 1/23/2019 – KJ – 0.2 - Review and analyze email from Dr. Vera Byers regarding obtaining her services and her immunology expert witness report; 1/23/2019 – DCR – 1.4 – Review, evaluate and edit correspondence to Dr. Byers for analysis and brief review of records provided to her. Tab A. at 21.

- Duplicative Billing – 7/7/2020 – JDE – 1.5 – Review L. Steinman expert report; 7/7/2020 – KJ – 1.10 – Review and analyze the expert report by Dr. Steinman. Tab A. at 35.

- Duplicative Billing – 1/17/2021 – JDE – 1.5 – Review draft expert report from Dr. Steinman; 1/19/2021 – DCR – Review and evaluate status of Dr. Steinman's response. Tab A. at 40.

- Duplicative Billing – 8/30/2021 – JDE – 8.5 – Continue drafting petitioner's pre-hearing brief for entitlement; 8/31/2021 – DCR – 2.50 – Review and evaluate status of draft pre-hearing brief. Tab A. at 45.

- Duplicative Billing – 9/1/2021 – JDE – 4.9 – Finalize pre-hearing brief; 9/1/2021 – DCR – 5.80 – Finalize pre-hearing brief.

As noted above, Special Masters have "wide discretion in determining the reasonableness of both attorneys' fees and costs." *Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). They may look to their experience and judgment to reduce the number of hours billed to

a level they find reasonable for the work performed. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993). A line-by-line evaluation of the billing records is not required. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 483 (1991), *aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993 (per curiam).

Accordingly, for all of the reasons outlined above, I have concluded that the total billing for attorney and paralegal time should be reduced by 20%.

I hereby reduce the total sum of fees to be awarded by 20 percent, for a total of **$240,254.64.**

### C. Attorneys' costs

Like attorneys' fees, costs incurred-by counsel or petitioners themselves-must be reasonable to be reimbursed by the Program. *Perreira*, 27 Fed. Cl. Ct. 29, 34. Petitioner originally requested a total of $47,953.99 in attorneys' costs. Pet. Int. Fees App. At 1. These costs include obtaining medical records, obtaining medical literature, postage, printing, the filing fee, and retaining experts Dr. Vera S. Byers, Dr. Marcel Kinsbourne, Dr. Lawrence Steinman, and Dr. John Foley. Pet. Int. Fees App. Tab A at 67-71. The petitioners subsequently submitted the bill for Dr. Steinman for hours worked after the exhaustion of his retainer bringing the total costs requested to $94,590.99.

#### 1. Expert Costs

##### i. Dr. Vera S. Byers, M.D., Ph.D., and Dr. Marcel Kinsbourne, M.D.

Dr. Byers and Dr. Kinsbourne each authored one expert report, which were filed on May 30, 2019. Pet. Ex. 25 (ECF No. 27); Pet. Ex. 48 (ECF No. 28). Petitioner requests a total of $2,500.00 in interim costs for his expert Dr. Byers. Pet. Int. Fees App. Tab A at 25, 68. Following a status conference on November 23, 2020, petitioner indicated that he would no longer be relying on Dr. Byers. (ECF No. 53). Dr. Byers did not testify at the hearing and did not file an additional billing statement. Her retainer will be compensated in full as she did review the case and prepare an initial expert report.

Dr. Kinsbourne billed 43.4 hours at a rate of $500.00 per hour, for a total of $21,700.00 (including his retainer and final billing). Tab B at 45-47. He filed one expert report on May 20, 2019, and the rate of $500.00 per hour has previously been awarded for work in this program. *See Fulling v. Sec'y of Health & Human Servs.*, No. 18-1549V, 2022 WL 3023505 (Fed. Cl. Spec. Mstr. July 11, 2022); *Johnson v. Sec'y of Health & Human Servs.*, No. 16-1630V, 2022 WL 702160 (Fed. Cl. Spec. Mstr. Feb. 8, 2022); *Romero v. Sec'y of Health & Hum. Servs.,* No. 18-1625V, 2023 WL 2598014, at *6 (Fed. Cl. Mar. 22, 2023). Dr. Kinsbourne filed one expert report, did not testify at the hearing, and his expert report was not utilized at the hearing, but he did provide the initial guidance in the case so the cost associated with his work will be compensated in full.

##### ii. Dr. John Foley

Dr. John Foley was petitioner's treating physician, filed two expert reports, and participated in the two-day entitlement hearing. Pet. Ex. 62; Pet. Ex. 63. Dr. Foley has not previously testified in the Vaccine Program, but he is an expert in Neurology and Multiple Sclerosis. Pet. Ex. 111. He is Director of the Rocky Mountain Multiple Sclerosis Clinic, which services approximately 4,200 patients a year, and Dr. Foley himself sees 40-50 patients a week. Tr. 97-98. Dr. Foley was admitted as an expert in the field of neurology with a special concentration in multiple sclerosis. Tr. 100.

Petitioner is requesting a total of $13,000.00 for Dr. Foley's services in authoring two expert reports and participating in the two-day entitlement hearing. Tab A. at 71; Tab B. at 44. Dr. Foley billed a total of 26 hours at $500.00 per hour. This amount of time is reasonable and shall be awarded in full. Tab B. at 44.

### iii. Dr. Lawrence Steinman, M.D.

Dr. Steinman submitted a bill for $49,637.00 for time worked on the case after exhaustion of his retainer of $3,000.00 which was submitted by petitioner as a supplemental request as his bill had not been received at the time of the initial fee application. Supp. Fees App. Tab A at 1-2. The retainer was included in the original request. *Id*. He billed for a total of 90.25 hours at $550.00 per hour for work performed in 2020 and 2021. *Id*.

Dr. Steinman authored two expert reports and participated in the entire entitlement hearing. Pet. Ex. 66; Pet. Ex. 86. The first expert report was 24 pages, including 18 references, and the second expert report was 21 pages with five new references. *Id*.

Although my colleagues and I have denied Dr. Steinman's request for an hourly rate of $550.00 in the past, more recent decisions have granted him this rate. *Morrison v. Sec'y of Health and Hum. Servs.*, No. 18-386V, 2023 WL 1873254, at *7 (Fed. Cl. Spec. Mstr. Feb. 10, 2023) (granting $550.00 per hour for Dr. Steinman's work performed in 2021 and 2022); *Mason v. Sec'y of Health & Hum. Servs.*, 2022 WL 4693380, at *3 (Fed. Cl. Spec. Mstr. Sept. 8, 2022) (finding that Dr. Steinman's "demonstrated experience with the Vaccine Program has recently been deemed grounds for a slight rate increase" from $500.00 per hour to $550.00 per hour); *Anderson v. Sec'y of Health & Hum. Servs.*, No. 20-440V, 2022 WL 3151737, at *3 (Fed. Cl. Spec. Mstr. July 13, 2022) (finding that "Dr. Steinman's expertise in the medical field and long-standing participation in the Vaccine Program" justified an hourly rate of $550.00 even though this was higher than the $500.00 "informal cap on expert fees" in the Program); *L.R. by & through Baxter v. Sec'y of Health & Hum. Servs.,* No. 16-922V, 2023 WL 2320342, at *6 (Fed. Cl. Mar. 2, 2023). I agree that Dr. Steinman's demonstrated expertise in the field of neuroimmunology and extensive experience in the Vaccine Program justifies an hourly rate of $550.00. Accordingly, I find that Dr. Steinman's requested rate of $550.00 will be awarded for the hours worked in 2020 and 2021. The total amount billed by Dr. Steinman amounted to $49,637.00 which included $46,637.00 submitted in the supplemental application and his $3,000.00 retainer which was covered by the original cost reimbursement application.

### IV. Conclusion

In accordance with the foregoing, petitioner's motion for interim attorneys' fee and costs is **GRANTED**. Therefore, I award the following in interim attorneys' fees and costs:

| | |
|---|---|
| Attorneys' Fees Requested: | $300,318.30 |
| (Reduction of Attorneys' Fees): | -($60,063.66) |
| **Interim Attorneys' Fees Award:** | **$240,254.64.** |
| | |
| Interim Attorneys' Costs Requested: | $94,590.99 |
| (Reduction of Attorneys' Costs) | -($0) |
| **Interim Attorneys' Costs Awarded:** | **$94,590.99** |
| | |
| **Total Interim Attorneys' Fees and Costs:** | **$334,845.63** |

**Accordingly, I award the following:**

A) **A lump sum in the amount of $334,845.63 representing reimbursement for interim attorneys' fees and costs, in the form of a check payable jointly to petitioner and his counsel, Mr. David Richards.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[2]

**IT IS SO ORDERED.**

s/Thomas L. Gowen
Thomas L. Gowen
Special Master

---

[2] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).